IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>**1) JACOBO GARCIA**<br>2) ROLANDO ANTONIO PULA-MORETA<br>a/k/a Chichi<br>3) RICHARD MARTINEZ-CAMACHO<br>a/k/a Richie<br>4) CECIL STEPHEN DERWEER<br>Defendants | CRIMINAL 05-0071CCC |

**O R D E R**

Before the Court is the Motion to Withdraw Guilty Plea filed by defendant Jacobo García on September 26, 2005 (**docket entry 116**), which the United States' opposed on October 4, 2005 (**docket entry 117**).

Defendant's motion is based on contradictory statements. While he avers that his decision to plead guilty was not his choice, but done on the advice of his attorney Luis Rafael Rivera (Motion, at p. 1, ¶ 1), he also claims that he never discussed with attorney Rivera about pleading guilty (Motion, at p. 1, ¶¶ 2, 3). In addition, defendant García asserts that attorney Rivera's advice that he plead guilty was a strategic move on his part in order to proceed to trial with a co-defendant he also represents, which he claims constitutes a conflict of interest in violation of his Sixth Amendment rights. Defendant also imputes attorney Rivera with ineffective assistance of counsel due to his failure to move for suppression of tapes and videos and for not disclosing to him Brady materials produced by the government.

On October 7, 2005, the Court ordered that the transcript of defendant's change of plea hearing be prepared (docket entry 119), and the same was filed on October 13, 2005 (docket entry 120). Subsequently, on November 15, 2005, the Court required the

preparation of two additional transcripts: that of the aborted change of plea hearing held on August 24, 2005, and of the Foster hearing held on June 8, 2005. Both of these transcripts were filed on November 21, 2005 (docket entries 126 & 127).

We have reviewed the transcripts of defendant's Foster hearing, aborted change of plea hearing, and of the completed change of plea hearing. Simply put, these transcripts belie all the assertions made by defendant in his pro se motion to withdraw guilty plea.

The transcript of the Foster hearing held on June 8, 2005 (docket entry 126) confirms that U.S. Magistrate-Judge Delgado-Colón clearly apprised defendant and his co-defendant Cecil Derweer of the possible conflicts of interests that might arise given that they were being represented by the same attorney, Luis Rafael Rivera. Still, defendant expressed being pleased with Rivera's legal representation, stated that he had discussed the possibility of conflicting evidence and situations, and affirmed that he had no problem with it. Transcript of June 8, 2005 Foster hearing (Tr. I) (docket entry 126), p. 21, lines 18-25; p. 22, lines 1-2. Thus, defendant opted to continue with Mr. Rivera as his attorney, Tr. I, p. 23, line 3, and voluntarily signed the Acknowledgment of Joint Representation form, Tr. I, p. 23, lines 6-22, despite being warned of the possible conflicts of interest that could result for having the same attorney that also represented one of his co-defendants.

The transcript of the aborted change of plea hearing held on August 24, 2005 (docket entry 127) fails to reflect, as defendant represented in his pro se motion, that he was "confused with the proceedings" because he had been brought to Court without discussing with his attorney "about pleading guilty, or any proceedings." Motion, at p. 1. Rather, what the transcript does show is that because at the time of that first change of plea hearing there was pending before the Court a motion requesting a change of venue, defendant did express confusion but only because he thought that all proceedings, including the change of plea hearing, would take place at the venue where he sought to transfer the case, i.e. the Virgin Islands. Transcript of August 24, 2005 Change of Plea Hearing (Tr. II) (docket entry 127), p. 6, lines 23-25; p. 7, lines 1-3; p. 9, lines 14-22. However, defendant had previously represented to the Magistrate-Judge that after having discussed the case with his attorney he had

decided to enter a guilty plea. Tr. II, p. 2, lines 15-19. He never expressed at the time being confused about his decision to plead guilty, or complained that he had been unable to discuss that matter with his attorney.

The transcript of the completed change of plea hearing held on August 25, 2005 (Tr. III) (docket entry 120), in turn, contains assertions under oath by defendant acknowledging that no one forced him to plead guilty (Tr. III, p. 23, lines 16-18), admitting the facts of the offenses charged (Tr. III, p. 36, lines 11-25; p. 37, lines 1-5), and expressing satisfaction with the services rendered by his attorney (Tr. III, p. 38, lines 15-18), specifically declaring that attorney Rivera had explained and discussed with him the evidence in possession of the government (Tr. III, p. 38, lines 20-23) and his options of facing trial or pleading guilty, which he then represented having understood (Tr. III, p. 38, line 1; p. 39, lines 1-9), and that he took the initiative of pleading guilty (Tr. III, p. 39, line 25; p. 40, lines 1-4), and was not forced to so do by his attorney in any way (Tr. III, p. 40, lines 6-8).

Withdrawing a guilty plea is not an absolute right. United States v. Mercedes-Mercedes, 428 F.3d 355 (1st Cir. 2005). See also Fed.R.Crim.P. 11(d)(2)(B). Prior to the imposition of sentence, a defendant may be allowed to withdraw his plea if he can establish, to the trial court's satisfaction, that a "fair and just reason" for withdrawing the plea exists. United States v. Negrón-Narváez, 403 F.3d 33, 36 (1st Cir. 2005). The burden of persuading the court that such a reason exists is on the defendant. United States v. Rodríguez-León, 402 F.3d 17, 22 (1st Cir. 2005).

Several factors must be considered in determining whether a defendant has shown a "fair and just reason" for withdrawing a plea, the most significant of which is whether the plea was knowing, voluntary and intelligent within the meaning of Federal Rule of Criminal Procedure 11. The other factors include 1) the force and plausibility of the proffered reason; 2) the timing of the request; 3) whether the defendant has asserted his legal innocence; and 4) whether the parties had reached a plea agreement. United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996) (quoting United States v. Cotal-Crespo, 47 F.3d 1, 3-4 (1st Cir.1995) (internal citations omitted)). If those factors weigh in favor of permitting a change of plea, the Court must then consider the prejudicial effect such a change would have on the prosecution. Id. at 834-35.

Here, the transcript of defendant's change of plea hearing evidences that his plea of guilty was knowing, voluntary and intelligent--the Magistrate-Judge thoroughly addressed all three of Rule 11's core concerns, and there is nothing in the record which would serve to indicate that defendant failed to understand the proceedings.  Defendant has not asserted in his motion that he is innocent, having in fact previously insisted on the contrary (see e.g. Tr. III, p. 39, lines 13-19).  His request to withdraw the guilty plea was made nearly one month after entering it,[1] a delay that has been viewed with disfavor by the Court of Appeals.  See United States v. Keefe, 621 F.2d 17, 18 (1st Cir. 1980).  What is more salient, all the reasons proffered in his motion in support of the withdrawal go against what he represented to the Court during the various hearings in which he has participated since the inception of this case.  Thus, we have little trouble concluding that defendant has failed to show a fair and just reason which would allow him to withdraw his plea of guilty.

Accordingly, and for the reasons stated, the Motion to Withdraw Guilty Plea filed by defendant Jacobo García pro se on September 26, 2005 (**docket entry 116**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on December 15, 2005.

S/CARMEN CONSUELO CEREZO<br>United States District Judge

---

[1] As stated before, defendant pled guilty on August 25, 2005.  While his motion to withdraw the guilty plea was filed by the Clerk on September 26, 2005, it appears signed by him on September 21, 2005 and the postmark on the envelope where he sent it is dated September 23, 2005.